IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RYAN O. DALEY,
      Petitioner,

vs.                                    Case No. 5:08cv287/RS/EMT

STATE OF FLORIDA,
      Respondent
_____/

## ORDER, REPORT AND RECOMMENDATION

This cause is before the court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, with supporting memorandum of law and exhibits (Doc. 1).  Petitioner has also submitted a motion to proceed in forma pauperis (Doc. 2).  For the limited purpose of dismissal of this action, leave to proceed in forma pauperis will be granted.

Petitioner challenges his 1988 conviction in the Circuit Court in Dade County, Florida (Doc. 1 at 1).  He raises two claims:  (1) the state post-conviction court erred in denying Petitioner's Rule 3.850 motion as time barred, and (2) he received ineffective assistance of counsel during the plea proceedings because his counsel advised him that if he pled guilty as a youthful offender, the record would be sealed upon completion of his sentence (*id.* at 5–6).

On February 8, 1988, Petitioner pled guilty to a charge of strongarm robbery and was sentenced as a youthful offender to a term of imprisonment of two and one-half years (Doc. 1 at 1, supporting memorandum at 3; *see also* Ex. A).  On August 12, 1992, Petitioner was charged in the United States District Court for the Northern District of Florida in case number 5:92cr5033-LAC with conspiracy with intent to distribute crack cocaine, in violation of 21 U.S.C. § 846.  United States v. Daley, Case No. 5:92cr5033-LAC, Doc. 105.  Petitioner was sentenced on January 25, 1993 to twenty (20) years of imprisonment followed by a five-year term of supervised release.  *Id.* Petitioner's federal sentence was enhanced by the Dade County conviction (Doc. 1, supporting

memorandum at 3).  In March of 2007, Petitioner attempted to obtain relief from his federal sentence under 28 U.S.C. § 2255, but his motion was determined untimely and, therefore, dismissed on April 25, 2007.  Daley, Case No. 5:92cr5033-LAC, Docs. 96, 98, 99.  On November 21, 2007, Petitioner filed a Rule 3.850 motion in the Dade County court seeking post-conviction relief from his 1988 conviction, but the motion was denied as untimely, and Petitioner's attempts to appeal the state court decision were unsuccessful (Doc. 1 at 3–4, supporting memorandum at 3–4, Exs. A–C).

District courts have jurisdiction to entertain § 2254 habeas petitions only from petitioners who are "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *see also* Means v. Alabama, 209 F.3d 1241, 1242 (11th Cir. 2000).  When a prisoner's sentence has fully expired, he is not "in custody" as required by § 2241, and the mere possibility that the prior conviction will be used to enhance a sentence imposed for any subsequent crimes is not enough to render him "in custody."  Maleng v. Cook, 490 U.S. 488, 492, 109 S. Ct. 1923, 1926, 104 L. Ed. 2d 540 (1989).  The Supreme Court has acknowledged, however, that when a § 2254 petition could be read as asserting a challenge to a present sentence that actually was enhanced by the allegedly invalid prior conviction, the prisoner is "in custody" for purposes of federal habeas jurisdiction.  *Id.* at 493–94; *see also* Lackawanna County Dist. Att'y v. Coss, 532 U.S. 394, 402, 121 S. Ct. 1567, 1573, 149 L. Ed. 2d 608 (2001) (petitioner found to be "in custody" for § 2254 purposes because he challenged an allegedly invalid expired conviction and sentence as enhancing his current state sentence).

Even though a prisoner may be "in custody" under these circumstances, the fact that a prior conviction was used to enhance a present sentence does not entitle the prisoner to challenge the prior conviction.  In Daniels v. United States, 532 U.S. 374, 382, 121 S. Ct. 1578, 1583, 149 L. Ed. 2d 590 (2001), the Supreme Court held that if "a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully)," a movant's § 2255 motion challenging the prior conviction will fail because the presumption of validity that attached to the prior conviction at the time of sentencing is conclusive.  The Court held that a defendant generally is not entitled to collaterally attack his prior conviction through a motion under § 2255 unless he alleges that the conviction was obtained in violation of the right to counsel

announced in <u>Gideon v. Wainwright</u>, 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963).[1]  <u>Daniels</u>, 532 U.S. at 382.  The Eleventh Circuit has noted that the <u>Daniels</u> exception is not implicated where a defendant was represented by counsel during the proceedings related to his prior conviction underlying the expired sentence.  *See* <u>Hubbard v. Haley</u>, 317 F.3d 1245, 1256 n.20 (11th Cir. 2003) (capital context where petitioner attempted to expand his § 2254 petition to attack an expired conviction serving as the basis for aggravated factor in sentencing order).

In the instant case, according to <u>Maleng</u>, the only circumstances under which Petitioner could satisfy the "in custody" requirement is if the court construed his § 2254 petition as asserting a challenge to his present federal sentence that was actually enhanced by the allegedly invalid prior conviction.  *See* <u>Maleng</u>, 490 U.S. at 493–94; *see also* <u>Jackson v. Secretary for Dept. of Corrections</u>, 2006 Fed. Appx. 934, 936–37 (11th Cir. 2006) (petitioner met "in custody" requirement where he brought § 2254 petition attacking 1992 state conviction and conceded that 1992 conviction had expired, but he explicitly alleged that 1992 conviction was used to enhance federal sentence he was serving at the time he filed § 2254 petition, and federal court construed § 2254 petition as motion filed under § 2255).  Such a claim must proceed by a § 2255 motion filed in the federal criminal case.  *See* <u>McCarthy v. United States</u>, 320 F.3d 1230, 1231, n.1 (11th Cir. 2003) (district court correctly construed § 2254 petition challenging expired state convictions used to enhance federal sentence as challenging current federal sentence under § 2255).  However, Petitioner has been denied relief under § 2255 relief, and he is required to obtain authorization from the Eleventh Circuit before a second or successive § 2255 motion is filed.[2]  28 U.S.C. § 2255 (incorporating § 2244); § 2255 Rule 9 ("[b]efore presenting a second or successive motion, the moving party must obtain an

---

[1]In <u>Gideon</u>, the Supreme Court held that a state court's refusal to appoint trial counsel, upon request, for an indigent defendant accused of a non-capital felony violated due process.  <u>Gideon</u>, 372 U.S. at 343–45.  The right to counsel at trial flows from the explicit grant of this right in the Sixth Amendment made applicable to the states through the Due Process Clause of the Fourteenth Amendment.  *Id.* at 339.

[2]Petitioner's previous § 2255 motion qualified as a first motion for purpose of determining successor status.  *See* <u>Villanueva v. United States</u>, 346 F.3d 55, 59–61 (2d Cir. 2003) (habeas petition or § 2255 motion that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes); <u>Altman v. Benik</u>, 337 F.3d 764, 766 (7th Cir. 2003) (a prior untimely petition counts as a first petition because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims).  Therefore, the instant petition is successive.

order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8.").  Absent authorization, this court lacks jurisdiction to consider a second or successive § 2255 motion.[3]  United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) (citing Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003) (2255 motion)).

Because Petitioner is not "in custody" of his 1988 Florida conviction for purposes of § 2254 due to the full expiration of that sentence, and Petitioner has not obtained authorization to assert a second § 2255 challenge to his present federal sentence that was actually enhanced by the allegedly invalid prior conviction, this court lacks jurisdiction to consider the instant habeas petition.[4]

Accordingly, it is **ORDERED**

Petitioner's motion to proceed in forma pauperis (Doc. 2) is **GRANTED** for the limited purpose of dismissal of this action.

And it is respectfully **RECOMMENDED**:

That this habeas action be **DISMISSED** for lack of jurisdiction.

At Pensacola, Florida, this 23rd day of September 2008.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

---

[3]Even if Petitioner was authorized to proceed under § 2255, Petitioner would not be entitled to attack his expired conviction because he admits that he was represented by counsel during the trial court proceedings related to his prior expired state court conviction and sentence, *see* Hubbard, 317 F.3d at 1256 n.20; thus, this is not the case of a Gideon-type violation that permits Petitioner to proceed under the Daniels/Lackawanna exception. *See* Daniels, 532 U.S. at 382; Lackawanna, 532 U.S. at 404; McCarthy, 320 F.3d at 1232–34 (citing Daniels, 532 U.S. at 382).

[4]The court additionally notes that the instant habeas petition is untimely under § 2244(d) (providing a one-year limitations period, which generally runs from the date on which the judgment at issue became final unless a later date applies).  Since Petitioner's state conviction was final before April 24, 1996 (when the one-year period became effective), he had one year from that date, until April 24, 1997, to file a § 2254 petition. Wilcox v. Florida Dept. of Corrections, 158 F.3d 1209, 1211 (11th Cir. 1998).  28 U.S.C. § 2244(d) (providing for a 1-year statute of limitations for petitions for writ of habeas corpus).  Petitioner filed the instant petition more than a decade late.

Case No.:  5:08cv287/RS/EMT

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**